IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
        FILED

      JAN 11 2010

CLERK, U.S. DISTRICT COURT
By _____
          Deputy
```

| | | |
|---|---|---|
| THE OFFICES AT 2525 MCKINNON, LLC, ET AL., | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | NO. 4:09-CV-689-A |
| ALEX ORNELAS, ET AL., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION
## and
## ORDER

Came on for consideration the motion to remand filed by
plaintiffs, The Offices at 2525 McKinnon, LLC ("McKinnon"), and
Koll Bren Fund V, L.P. ("Koll Bren"). Having considered
plaintiffs' motion, the response of defendants, Alex Ornelas
("Ornelas"), individually and in his official capacity, and Texas
Carpenters & Millwrights Regional Council ("TCMRC"), plaintiffs'
reply, and applicable legal authorities, the court concludes that
the motion should be granted.

I.

Background and Procedural History

A.    The Removal

Defendants removed this action from the 348th Judicial

District Court, Tarrant County, Texas, by notice of removal filed

November 17, 2009.  Defendants allege that this court has

jurisdiction because

> [p]laintiffs' claims are completely preempted by the
> Labor-Management Relations Act (hereinafter "LMRA"), 29
> U.S.C. § 141, et seq., 29 U.S.C. § 157 (Section 7 of
> the National Labor Relations Act), 29 U.S.C. §
> 158(b)(4)(Section 8(b)(4) of the National Labor
> Relations Act), 29 U.S.C. § 187 (Section 303 of the
> LMRA) because Congress has indicated by enacting the
> aforementioned legislation the intention for federal
> law to completely occupy this area such that
> [plaintiffs'] claims arise wholly under federal law.
> Therefore, the district courts of the United States
> have original jurisdiction over this action because it
> clearly concerns a federal question.

Notice of Removal at 3.  Defendants also maintain that the court

has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over

any state law claims not otherwise preempted.[2]

B.    The Claims Alleged by Plaintiffs in the State Court Action

McKinnon is a limited liability company which owns a

---

[2]The preemption dispute centers on provisions of the National Labor Relations Act ("NLRA"), specifically, 29 U.S.C. § 157, which the court will refer to as "Section 7," and § 158, hereinafter referred to as "Section 8," and a portion of the Labor-Management Relations Act, 29 U.S.C. § 187, hereinafter referred to as "Section 303."

2

commercial office building located at 2525 McKinnon Street in Dallas, Texas.  Koll Bren is a limited partnership which owns a commercial office building known as the Gateway Tower Building ("Gateway Tower") located at 8111 LBJ Freeway in Dallas, Texas. Ornelas is employed as Director of Special Projects by the TCMRC, which the petition alleges to be a labor organization affiliated with the United Brotherhood of Carpenters and Joiners of America.

Plaintiffs allege that defendants formed picket lines around their property, beginning in June 2009 at Gateway Tower when defendants "stationed individuals on [the] property to handbill and picket."  Notice of Removal, Ex. 1 at 5. Plaintiffs contend these individuals also trespassed onto their private property to erect a large banner proclaiming "Shame on FH Financial Services," carried signs with the same message and the words "labor dispute," and used bullhorns to yell and chant as they marched.  Id.

Plaintiffs contend that at the McKinnon building, beginning in October 2009 defendants "stationed individuals on an adjacent sidewalk for purposes of picketing" and that the picketers yelled, chanted, and otherwise made noise and blocked the primary driveway entering the property, "severely restrict[ing] ingress to and egress from the property."  Id.  Defendants' conduct

3

allegedly created a hazardous and disruptive situation for tenants of the building, and some tenants' employees were allegedly intimidated by the protestors.

Plaintiffs further allege that upon discussing defendants' actions with Ornelas, he claimed that plaintiffs had hired a certain contractor to build out tenant space in the buildings, and that the contractor had hired a subcontractor, Interic Specialities, Inc. ("Interic"), with whom Ornelas claimed to have a labor dispute "because Interic allegedly did not pay 'area standard wages.'" Id. at Ex. 1 at 7. Plaintiffs contend they have no control over which subcontractors the general contractor hires and that Interic is neither working at plaintiffs' properties nor under contract to do so in the future.

Plaintiffs allege that during their meeting with Ornelas he provided them a written agreement promising TCMRC's cooperation and cessation of picket lines if plaintiffs agreed that "all improvement work on the property was done in accordance with 'area standards' as determined by TCMRC" and if they agreed to meet with TCMRC prior to bidding work on the property. Id. at Ex. 1 at 8. Ornelas also provided plaintiffs with a list of "approved" contractors and subcontractors defendants allegedly required plaintiffs to use for future projects.

4

Plaintiffs contend no labor dispute exists between TCMRC and Interic, as that company is not unionized and TCMRC is engaged in no organizational efforts as to its employees.  Despite plaintiffs' representations that Interic is no longer on the premises nor expected to return, defendants continued to protest.

Plaintiffs filed the state court petition on November 11, 2009, bringing claims for trespass, private nuisance, violations of Texas Labor Code §§ 101.152 and 101.201, and tortious interference with business relationships.  Plaintiffs also sought and obtained a temporary restraining order enjoining defendants from engaging in the following acts on their property: "trespassing or entering" without permission; picketing; "blocking, obstructing, or creating any impediment to the free and safe ingress [] and egress"; "creating loud and disruptive noise;" and "otherwise unlawfully interfering with the business relationships between Plaintiffs and their current and/or prospective tenants."  Id. at Ex. 2 at 2.

C.   The Motion to Remand

Plaintiffs maintain that removal is improper because all of their claims arise solely under state law, no labor dispute exists between the parties, and their claims are outside the

5

scope of preemption as established by <u>San Diego Building Trades</u> <u>Council v. Garmon</u>, 359 U.S. 236 (1959).

D.   <u>Defendants' Response to the Motion to Remand</u>

Defendants assert in their response that all of plaintiffs' claims essentially allege unlawful secondary picketing in violation of Section 8(b)(4) of the NLRA and are thus removable due to the complete preemption doctrine.  Although recognizing that the defense of preemption is insufficient to establish removal jurisdiction, defendants contend that "[w]here the conduct alleged in a plaintiff's complaint arguably falls within the coverage of Section 8(b)(4), the lawsuit is completely preempted by Section 303" and thus removable to federal court. Defs.' Resp. to Pls.' Mot. to Remand ("Defs.' Resp.") at 2.

In their reply, plaintiffs dispute that they have alleged any violation of Section 8(b)(4) of the NLRA and reiterate their contention that at all times they intended to assert claims arising only under the laws of the State of Texas.

II.

<u>Analysis</u>

A.   <u>Removal</u>

Defendants, as the parties invoking federal court removal jurisdiction, bear the burden of establishing that this court has

6

jurisdiction over the claims.  <u>Carpenter v. Wichita Falls Indep.</u>
<u>Sch. Dist.</u>, 44 F.3d 362, 365 (5th Cir. 1995); <u>Willy v. Coastal</u>
<u>Corp.</u>, 855 F.2d 1160, 1164 (5th Cir. 1988).  "[B]ecause the
effect of removal is to deprive the state court of an action
properly before it, removal raises significant federalism
concerns. . . ." <u>Carpenter</u>, 44 F.3d at 365 (internal citations
omitted).  The court, therefore, must strictly construe the
removal statute.  <u>Id</u>.  When, as here, removal is sought under 28
U.S.C. § 1441(b), the right of removal depends on the existence
of a claim or claims within the federal question jurisdiction of
the court.  <u>See id.</u> at 366.  Remand is proper when there is any
doubt as to the existence of federal jurisdiction.  <u>Cyr v. Kaiser</u>
<u>Found. Health Plan of Texas</u>, 12 F. Supp.2d 556, 565 (N.D. Tex.
1998); <u>Samuel v. Langham</u>, 780 F. Supp. 424, 427 (N.D. Tex. 1992).

The existence of federal question jurisdiction is determined
by applying the "well-pleaded" complaint rule.  <u>Franchise Tax Bd.</u>
<u>v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 9-10 (1983).
Under the rule, the existence of jurisdiction is determined
solely from what appears on the face of plaintiff's complaint.
<u>Id</u>. at 10.  "[A] case may <u>not</u> be removed to federal court on the
basis of a federal defense, including the defense of preemption,
even if the defense is anticipated in the plaintiff's complaint,

and even if both parties concede that the federal defense is the only question truly at issue." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987) (emphasis in original).  "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Id.</u> at 392.

An exception to the well-pleaded complaint rule exists where there is complete preemption of the state claim by federal law. <u>Id.</u> at 393.  Complete preemption applies only in extraordinary circumstances when Congress intends not only to preempt certain state law, but to replace it with federal law. <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 66 (1987); <u>Willy</u>, 855 F.2d at 1165.  Complete preemption requires a clearly manifested intent by Congress to make causes of action removable to federal court. <u>Aaron v. National Union Fire Ins. Co.</u>, 876 F.2d 1157, 1163 (5th Cir. 1989); <u>Willy</u>, 855 F.2d at 1166.  In <u>Caterpillar</u>, the Supreme Court explained:

> On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." <u>Metropolitan Life Insurance Co.</u>, supra, at 65, 107 S.Ct. 1542.  Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and

> therefore arises under federal law.  See Franchise Tax
> Board, supra at 24, 103 S.Ct. 2841 ("[I]f a federal
> cause of action completely pre-empts a state cause of
> action any complaint that comes within the scope of the
> federal cause of action necessarily 'arises under'
> federal law").

482 U.S. at 393 (footnote omitted).  The presence of a federal

question as a defense cannot transform a plaintiff's state law

claim into a federal question on which to base removal.  Id. at

398-99.  Thus, unless defendants are able to demonstrate that at

least one of plaintiffs' claims states a federal cause of action,

remand is required.

B.    Preemption Under the NLRA

The Supreme Court in Garmon recognized that Congress

intended to vest the National Labor Relations Board ("NLRB") with

authority to administer, interpret and apply the NLRA and federal

labor policy.  Garmon, 359 U.S. at 242-43.  Thus, "[w]hen it is

clear or may fairly be assumed that the activities which a State

purports to regulate are protected by § 7 of the National Labor

Relations Act, or constitute an unfair labor practice under § 8,

due regard for the federal enactment requires that state

jurisdiction must yield."  Id. at 244;  Belknap, Inc. v. Hale,

463 U.S. 491, 498 (1983).  When challenged conduct is "arguably

subject to § 7 or § 8 of the Act, the States as well as the

federal courts must defer to the exclusive competence of the
National Labor Relations Board if the danger of state
interference with national policy is to be averted."  <u>Garmon</u>, 359
U.S. at 245.  A claim of <u>Garmon</u> preemption is therefore a claim
that a plaintiff's causes of action belong within the
jurisdiction of the NLRB, rather than the courts.  <u>Intn'l
Longshoremen's Ass'n, AFL-CIO v. Davis</u>, 476 U.S. 380, 393 (1986);
<u>Garmon</u>, 359 U.S. at 244-45.

In <u>Garmon</u> and its progeny the Supreme Court recognized
exceptions to NLRA preemption whereby the state court may retain
jurisdiction over claims if "the behavior to be regulated is
behavior that is of only peripheral concern to the federal law
. . . or touches interests deeply rooted in local feeling and
responsibility."  <u>Belknap, Inc.</u>, 463 U.S. at 498 (internal
citations omitted).  Plaintiffs contend that their state law
claims lie within one or both of these articulated "<u>Garmon</u>"
exceptions to NLRA preemption, and thus should remain within the
jurisdiction of the state court.

Defendants in their response do not contend that <u>Garmon</u>
preemption applies--that is, they do not contend that
jurisdiction is properly with the NLRB, rather than the state or
federal courts.  Nor do they address the issue of whether

10

plaintiffs' claims fall within any of <u>Garmon</u>'s exceptions.

Instead, defendants rely on a congressionally-created exception

to the exclusive jurisdiction of the NLRB found in Section 303.[3]

<u>See</u> <u>Vaca v. Sipes</u>, 386 U.S. 171, 180 (1967).  Section 303

provides:

> (a) It shall be unlawful, for the purpose of this
> section only, in an industry or activity affecting
> commerce, for any labor organization to engage in any
> activity or conduct defined as an unfair labor practice
> in section 158(b)(4) of this title.
>
> (b) Whoever shall be injured in his business or
> property by reason or [sic] any violation of subsection
> (a) of this section may sue therefor in any district
> court of the United States subject to the limitations
> and provisions of section 185 of this title without
> respect to the amount in controversy, or in any other
> court having jurisdiction of the parties, and shall
> recover the damages by him sustained and the cost of
> the suit.

29 U.S.C. § 187.  Section 303 and Section 8(b)(4) thus share an

"identity of language yet specify two different remedies."

<u>Intn'l Longshoremen's & Warehousemen's Union v. Juneau Spruce</u>

<u>Corp.</u>, 342 U.S. 237, 243-44 (1952).  Whereas Section 8(b)(4)

provides an administrative remedy through the NLRB for violations

of proscribed conduct, Section 303(b) authorizes a claim for

damages in state or federal court for the same conduct.  <u>Local</u>

---

[3]Plaintiffs object that they have not, and do not intend to, state a claim pursuant to Section 8(b)(4) or Section 303, and neither Section 8(b)(4) nor Section 303 appear on the face of the petition.

20, Teamsters, Chauffeurs and Helpers Union v. Morton, 377 U.S.

252, 258 (1964).

Defendants contend that "[w]here the conduct alleged in a

plaintiff's complaint arguably falls within the coverage of

section 8(b)(4)[of the NLRA], the lawsuit is completely preempted

by Section 303 and properly removable to federal court." Defs.'

Resp. at 2. Defendants thus rely on what they contend is the

"complete preemption" of Section 303 to support removal. The

court does not agree. As discussed supra, complete preemption

requires a clearly manifested intent by Congress to make causes

of action removable to federal court. Aaron, 876 F.2d at 1163.

In Caterpillar, the Supreme Court discussed the complete

preemption doctrine, recognizing that it "is applied primarily in

cases raising claims pre-empted by § 301 [29 U.S.C. § 185] of the

LMRA." Caterpillar, 482 U.S. at 393. The Supreme Court

concluded the opinion in Caterpillar by emphasizing that:

> [T]he presence of a federal question, even a § 301
> question, in a defensive argument does not overcome the
> paramount policies embodied in the well-pleaded
> complaint rule--that the plaintiff is the master of the
> complaint, that a federal question must appear on the
> face of the complaint, and that the plaintiff may, by
> eschewing claims based on federal law, choose to have
> the cause heard in state court . . . . [A] defendant
> cannot, merely by injecting a federal question into an
> action that asserts what is plainly a state-law claim,
> transform the action into one arising under federal

> law, thereby selecting the forum in which the claim
> shall be litigated.  If a defendant could do so, the
> plaintiff would be master of nothing.  Congress has
> long since decided that federal defenses do not provide
> a basis for removal.

Id. at 398-99 (footnote omitted).  Thus, "[t]he fact that a

defendant might ultimately prove that a plaintiff's claims are

preempted under the NLRA does not establish that they are

removable to federal court."  Id. at 398.

The court finds Caterpillar dispositive of defendants'

complete preemption argument.  Defendants have directed the court

to no Supreme Court or Fifth Circuit authority holding that

Section 303 holds the same complete preemptive power as Section

301 or that a defense grounded on Section 303 preemption warrants

removal to federal court.  Defendants rely on Morton, 377 U.S.

252, to support their claim of complete preemption under Section

303.  However, the plaintiff in Morton sued under Section 303, so

complete preemption and removal were not issues in that case.

Defendants also rely on George v. National Ass'n of Letter

Carriers, 185 F.3d 380 (5th Cir. 1999), for the proposition that

in Section 8(b)(4) "Congress preempted the field in the

regulation of secondary picketing."  Defs'. Resp. at 5.  However,

the plaintiff in George also sued under Section 303, so the Fifth

Circuit also had no occasion to reach the issues of complete

preemption and removal.  The court also finds persuasive that Section 303 is not included in Supreme Court cases involving discussions or examples of statutes vested with complete preemptive power.  See, e.g., Caterpillar, 482 U.S. at 393 & n.8 (discussing complete preemptive effect of portions of Employee Retirement Income Security Act of 1974 ("ERISA"), § 301 of the NLRA, and claims regarding possession of Indian tribal lands); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7-8 (2003) (discussing "two categories of cases" where Court has found complete preemption--ERISA and § 301 of the NLRA).  At best, defendants have raised a defensive argument of preemption under Section 303.  Indeed, defendants may eventually be able to prove that plaintiffs' claims are preempted by the NLRA.  That they may be able to raise and succeed on such a defense, however, does not provide defendants a basis for removal of plaintiffs' state-law claims to federal court.

As defendants have failed to carry their burden to establish the propriety of removal, the court concludes that remand of this action is required.

III.

Order

Therefore,

For the reasons discussed above,

The court ORDERS that plaintiffs' motion to remand be, and is hereby, granted, and that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED January 11, 2010.

_____
JOHN McBRYDE
United States District Judge

15